

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00154-CR

_____

ARTIS JAMES GRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 35664-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Artis James Gray, described as being "slow" and "kind of hard to pick up on stuff," admits to having had sex with his thirteen-year-old cousin, who is also considered "slow." Gray pled guilty to two counts of aggravated sexual assault of a child[1] but, in two points of error on appeal, complains of the trial court's failure to sua sponte conduct an informal inquiry into Gray's competency at the time it accepted his guilty plea and at the time of Gray's punishment hearing. Because we hold that the trial court made sufficient inquiry, we affirm the judgment of the trial court.

*(1)      Competency Generally and Informal Inquiry into Competency*

We review for an abuse of discretion the totality of the facts surrounding a trial court's implied decision not to hold a competency inquiry. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); *Bigby v. State*, 892 S.W.2d 864, 885 (Tex. Crim. App. 1994). A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006); *Fuller v. State*, No. AP-74,980, 2008 Tex. Crim. App. LEXIS 567, at *12 (Tex. Crim. App. Apr. 30, 2008); *Eddie v. State*, 100 S.W.3d 437, 443 (Tex. App.—Texarkana 2003, pet. ref'd). A defendant is presumed competent to stand trial and shall be found competent to

---

[1]The trial court imposed punishment of twenty years for each offense, to run concurrently.

2

stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (Vernon 2006).

If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the trial court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (Vernon 2006). On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (Vernon 2006). If, after an informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, the trial court shall order an examination to determine whether the defendant is incompetent to stand trial in a criminal case. TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (Vernon 2006); *Salahud-din v. State*, 206 S.W.3d 203, 208 (Tex. App.—Corpus Christi 2006, pet. ref'd).

*(2)     The Trial Court Made a Sufficient Inquiry Before Accepting Gray's Guilty Plea*

The Texas Code of Criminal Procedure prohibits a trial court from accepting a guilty plea "unless it appears that the defendant is mentally competent. . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2007). Under Article 26.13, unless an issue is made of an accused's present insanity or mental competency at the time of the plea, the trial court need not make inquiry or hear evidence on such issue. *See Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Ring v. State*, 450 S.W.2d 85, 88 (Tex. Crim. App. 1970); *Godoy v. State*, 122 S.W.3d 315, 320 (Tex.

3

App.—Houston [1st Dist.] 2003, pet. ref'd). And this is true especially where the trial court has had opportunity to observe the accused in open court, to hear him or her speak, to observe his or her demeanor, and to engage him or her in colloquy as to the voluntariness of the plea. *Kuyava*, 538 S.W.2d at 628; *Summerall v. State*, 514 S.W.2d 265 (Tex. Crim. App. 1974). The better practice, however, is for the trial court to inquire into the mental competency of the defendant whether the issue is raised or not. *Kuyava*, 538 S.W.2d at 628.

Here, we need not determine whether the mental competency issue was sufficiently raised to require the trial court to inquire into Gray's competency, because the record reflects that the trial court did make that inquiry. Note the following exchanges occurring before the court accepted Gray's open plea of guilty:

COURT: Before signing any of these papers, did you sit down with your attorney, Mr. Clement Dunn; and did he go over all these papers with you?

GRAY: Yes, sir.

COURT: Did you understand them when you signed them?

GRAY: Yes, sir.

. . . .

COURT: In your words, just tell me what you're doing in court here today.

GRAY: I'm pleading guilty to the offense.

COURT: And what offense is that?

GRAY: Sexual assault.

4

COURT: All right. It's aggravated sexual assault.

GRAY: Aggravated sexual assault.

. . . .

COURT: Mr. Dunn, talk to me about your judgment as to your client's mental competency.

[DEFENSE COUNSEL]: Your Honor, I've spoken with my client a number of times. I have spoken with his mother on a number of occasions.

COURT: Is she present in the courtroom?

[DEFENSE COUNSEL]: Yes, she is. She is towards the back.

COURT: All right.

[DEFENSE COUNSEL]: I know that the presentence report indicates that my client has been in special ed classes, that he receives disability payments due to a "mental deficiency" as labeled for these purposes. While acknowledging that background, I have found him to be able to understand me. And we have been able to converse such that I'm satisfied that he understands what he is doing.

From these excerpts in particular, it appears that Gray directly answered the court's questions in a way that showed he understood both the proceedings against him and the consequences of his guilty plea and that he was able to effectively communicate with his attorney. His attorney's response to the trial court's inquiry confirmed that, even though Gray had a history of taking special education classes, Gray was able to understand the proceedings against him. After these exchanges, during which the trial court had the opportunity to communicate with Gray and observe his behavior, it

5

expressly found as follows: "I'm going to receive your guilty plea. I'm going to find that you make it freely and voluntarily, that you are mentally competent."

The record reveals no evidence to rebut the presumption of competence such that the trial court would have been required to make further inquiry into Gray's competence. Having satisfied itself by its informal inquiry that Gray was competent, the trial court properly accepted Gray's guilty plea without inquiring further into competency. We overrule Gray's first point of error.

*(3)      Failing to Inquire Further into Competency at the Punishment Hearing Was Not an Abuse of Discretion; The Court's Inquiry Was Sufficient*

A defendant must also be mentally competent to be sentenced. *See Casey v. State*, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996). To prompt the trial court's informal inquiry concerning the defendant's competency, the evidence must raise a "bona fide doubt" in the mind of the trial judge to the defendant's competency to stand trial. *See Alcott v. State*, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *Salahud-din*, 206 S.W.3d at 208. A bona fide doubt is "a real doubt in the judge's mind as to the defendant's competency." *Fuller*, 2008 Tex. Crim. App. LEXIS 567, at *12 (quoting *Alcott*, 51 S.W.3d at 599 n.10). Evidence raising a bona fide doubt "need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence." *Fuller*, 2008 Tex. Crim. App. LEXIS 567, at *12; *Alcott*, 51 S.W.3d at 599 n.10. Evidence is sufficient to create a bona fide doubt if it indicates "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." *Fuller*, 2008 Tex. Crim. App. LEXIS 567, at *12; *McDaniel v. State*, 98 S.W.3d 704,

6

710 (Tex. Crim. App. 2003); *Collier*, 959 S.W.2d at 625. If any evidence that suggests the defendant may be incompetent to stand trial comes to the trial court's attention, the trial court shall sua sponte "suggest that the defendant may be incompetent to stand trial" and then "determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004 (Vernon 2006). The question, then, before us is whether the trial court abused its discretion when, in light of the evidence presented at punishment, it did not conduct a further competency inquiry at that time.

We address Gray's contention by first noting that, moments before the punishment phase began, the trial court asked both Gray and defense counsel about Gray's understanding of the proceedings. We believe that was sufficient. In a similar case decided by the Fort Worth Court of Appeals, the court ruled that Chapter 46B was satisfied with the trial court's informal inquiry establishing that the defendant did not suffer from recent severe mental illness or moderate retardation, that he understood the charges that he was facing, that he had been able to communicate in a meaningful way with his attorneys, that an ex parte evaluation had found him competent to stand trial, and that his own counsel had no question about his competence to stand trial. *See Lawrence v. State*, 169 S.W.3d 319, 325 (Tex. App.—Fort Worth 2005, pet. ref'd); *see also Hill v. State*, No. 2-06-094-CR, 2007 Tex. App. LEXIS 2272 (Tex. App.—Fort Worth Mar. 22, 2007, pet. ref'd) (mem. op., not designated for publication); *Johnson v. State*, Nos. 05-05-00464-CR, 05-05-00465-CR, 05-05-00466-CR, 05-05-00467-CR, 2006 Tex. App. LEXIS 3062 (Tex. App.—Dallas

7

Apr. 18, 2006, no pet.) (mem. op., not designated for publication). Here, aside from an ex parte evaluation (the importance of which seems minimal), we find the trial court's inquiry quite similar to that in *Lawrence*. We think the previously quoted exchanges between the trial court and both Gray and defense counsel are sufficient to constitute an informal inquiry into Gray's competence.

Gray's contention could be read to advance the position that the evidence presented at punishment was sufficient to prompt the trial court to inquire into Gray's competency further during the punishment hearing. At the punishment hearing, Gray's mother testified that Gray, eighteen years old at the time of trial, was born prematurely. As a result, "he's slow" and "he is kind of hard to pick up on stuff." She explained that he underwent regular doctor visits to qualify for SSI benefits which he has received since the age of four. When asked the reason he received such benefits, she reiterated that Gray "is slow and hard to pick up stuff and had trouble in school and stuff." She described the trouble Gray had in school: "Well, he wouldn't sit down in the class, and he was slow picking up stuff. They put him in special ed. It was the same thing, so." She went on to explain that Gray continued to do poorly in the special education program and had to repeat a grade. His mother testified that Gray also had a hard time keeping a job since dropping out of school, stating that he has worked only about two days. His employers would let him go because he "was hard to pick up on whatever they were doing."

Gray, according to his mother, has trouble performing simple, everyday tasks. She and Gray both insist that Gray had consensual sex with his thirteen-year-old cousin, who is also considered

8

"slow," but that he did not forcibly rape her. She had become aware about a year and a half earlier about the first time Gray had had sex with his young cousin. On learning of the incident, Gray's mother physically punished him and directed him not to engage in such inappropriate behavior.

Gray testified that his cousin expressed her desire to have sex with him. Gray recalled clearly the occasions on which he had sex with the girl and all the details concerning time and location. He readily admitted having sex with the girl, but explained that she wanted to do so. When asked, he described his cousin as "sometimes slow" but believed that she knew what she was talking about. Gray confirmed that he did attend some special education classes.

On cross-examination, the following exchange took place demonstrating Gray's generally lucid and precise responses to questioning:

> [THE STATE]: Mr. Gray, you said in your PSI, "I didn't think I forced her or nothing"; is that correct?
>
> GRAY: I didn't say that.
>
> [THE STATE]: You didn't say to the presentence investigation officer that, "I didn't think I forced her or nothing"?
>
> GRAY: I said, "I didn't force her." I didn't say, "I didn't think."

When confronted with the accusation that he forced his cousin to have sex with him, Gray responded that he "wouldn't do that to my cousin," that he "wouldn't do that to nobody."

Essentially, the evidence to which Gray points as raising a bona fide doubt as to his competency is the evidence of his below-average intelligence and the fact that he receives Social

9

Security checks based on "mental disability." The Texas Court of Criminal Appeals has concluded that evidence of moderate or greater retardation is sufficient to create a question of competency. *See McDaniel*, 98 S.W.3d at 710. It has not gone further to conclude that evidence suggesting that a defendant has below-average intelligence and, arguably, *may* be mentally retarded is, alone, sufficient to suggest that the defendant is incompetent. Nor have any of our sister courts. *See Arguelles v. State*, No. 13-06-00184-CR, 2007 Tex. App. LEXIS 7911 (Tex. App.—Corpus Christi Oct. 4, 2007, no pet.) (mem. op., not designated for publication) (concluding the following evidence was insufficient to raise a bona fide doubt that defendant was competent: (1) defendant received Social Security benefits, (2) defendant had been placed in special education classes, (3) defendant suffered from depression, (4) defendant took prescription medication, and (5) defendant was unable to read).

Given the thorough informal inquiry made by the trial court at the time it took Gray's plea, the evidence presented during the punishment hearing was not of such character or quantity to require the trial court to further inquire into Gray's ability to consult with counsel or understand the proceedings against him. We conclude that the trial court did not abuse its discretion by failing to conduct further inquiry into Gray's competency after hearing the evidence presented during the punishment hearing. The trial court inquired informally shortly before the punishment hearing began, and the evidence presented at punishment did not prompt further inquiry into the matter. We overrule Gray's second point of error.

10

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    May 5, 2008
Date Decided:    July 2, 2008

Publish