

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00064-CR

_____

LEAH JANIECE ESTES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-27041

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

When Leah Janiece Estes was taken to the hospital emergency room by her mother for a mental evaluation September 10, 2008, she was serving a period of five years' community supervision for harassment by persons in certain correctional facilities.[1]   While in the emergency room, Estes attempted to kick and bite the nursing staff, whereupon David Thomas, an officer of the Lufkin Police Department, helped secure Estes.   In response, Estes spit on Thomas' bare arm and declared that she had hepatitis.   As a result of these events, the State filed a motion to adjudicate or revoke Estes' community supervision in Angelina County[2] for committing the offense of harassment of a public servant, among other things.[3]   The trial court entered a judgment adjudicating guilt as to the offense of harassment by persons in certain correctional facilities and sentenced Estes to eight years' confinement.

---

[1]Harassment by persons in certain correctional facilities is a third degree felony.  TEX. PENAL CODE ANN. § 22.11 (Vernon Supp. 2009).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[3]Additional alleged violations of Estes' rules of community supervision include failing to avoid injurious habits by using and possessing marihuana on several occasions; failing to report in person to the community supervision officer at least once a month; leaving Angelina County without permission; failing to notify her community supervision officer before changing residency in the county; failing to pay certain costs; failing to perform court ordered community service as directed; failing to make monthly supervision fee payments; failing to submit documentation of education; failing to submit to TAIP evaluation as directed; failing to submit to a psychological evaluation as directed; and failing to write a letter of apology to Captain Mark Dearing.   Estes pled "true" to certain of these violations and "not true" to others.

Estes appeals the judgment adjudicating guilt. In her sole issue on appeal, Estes contends the trial court abused its discretion in failing to sua sponte conduct an informal inquiry regarding her competence to stand trial at the adjudication proceedings. We affirm the judgment of the trial court.

We apply an abuse of discretion standard when reviewing a trial court's failure to conduct an inquiry into a defendant's competency to stand trial. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). We do not substitute our judgment for that of the trial court in our determination of whether an abuse of discretion occurred. Instead, we determine whether the trial court's decision was arbitrary or unreasonable. *Id.* This is a question of whether the trial court acted without reference to any guiding rules or principles; the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005).

A person is incompetent to stand trial if he or she lacks (1) sufficient present ability to consult with an attorney with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006). This standard applies equally to a revocation hearing. *See McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). The statute further provides that a "defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b)

(Vernon 2006).

The standard for determining whether a trial court should conduct an inquiry into a defendant's competence is that of a bona fide doubt. That is, if the judge has a bona fide doubt regarding the defendant's competency to stand trial, he or she must conduct an inquiry to determine if there is evidence that would support a finding of incompetence. *Montoya*, 291 S.W.3d at 425. A bona fide doubt is "a real doubt in the judge's mind as to the defendant's competency." *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008), *cert. denied*, 129 S.Ct. 904 (2009). Evidence sufficient to create a bona fide doubt is that which shows a "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." *Id*.; *see also Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd).

Evidence adduced at the adjudication hearing established that Estes has struggled with bipolar disorder and borderline personality disorder for over twenty years. When Estes fails to take her medication for these problems, she becomes agitated and difficult to control. Conversely, when Estes chooses to take her medication, her ability to cope is much improved. Estes has been receiving social security disability payments for approximately eight years.

Estes points to the foregoing diagnoses in conjunction with Thomas' testimony at the hearing on adjudication to support her position that the trial court was required to conduct an informal hearing regarding her competence to stand trial. Thomas testified that, when he arrived at the emergency room September 10, 2008, after having been summoned by another officer, he

4

saw Estes grab a trash can, hide in the corner, and threaten to cut herself. Estes then attempted to kick and bite the nursing staff, whereupon Thomas helped to secure Estes, who spit on Thomas' arm and declared that she had hepatitis.[4] Thomas opined that Estes seemed to be acting "bizarre[ly]."

Thomas' testimony at the hearing on adjudication pertained only to Estes' behavior September 10, 2008. The adjudication hearing took place February 18, 2010. As the Texas Court of Criminal Appeals observed in *Montoya*, "the statute specifies the defendant's *present* ability" and "past mental-health issues raise the issue of incompetency only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant." *Montoya*, 291 S.W.3d at 425. Given the approximate sixteen-month lapse between the incident described by Thomas and the adjudication hearing, Thomas' testimony fails to establish any recent bizarre acts or mental illness. In fact, Estes testified that, at the time of the incident in the hospital, she was experiencing a manic episode due to the fact that she was off of her medications.

In this regard, even though Estes was on medication for manic depression and borderline personality disorder, mental impairment alone does not establish an accused's inability to consult with defense counsel or understand the proceedings against her. *See Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999); *Grider v. State*, 69 S.W.3d 681, 684 (Tex. App.—Texarkana

---

[4]Estes also points to the primary offense of harassment by persons in certain correctional facilities as evidence of a lack of competency based on the similarity of the incident recounted in the indictment that, "while imprisoned or confined in the Angelina County Jail . . . cause [sic] Mark Dearing to contact the saliva of Leah Janiece Estes." This incident is alleged to have occurred January 10, 2007. We do not find this to be evidence of recent bizarre acts or mental illness.

5

2002, no pet.) (evidence did not show that paranoid schizophrenic's taking medication, hearing voices, and seeing visions constituted incompetency).

Estes' testimony on her own behalf appeared lucid and coherent.[5] She was able to list the type and dosage of her current medications and was further able to articulate what each medication was designed to treat.[6] Estes' responses to the questions posed, while rambling in places, were not indicative of a lack of rational or factual understanding of the proceedings against her.

David Petersen, supervision officer for Angelina County Community Supervision & Corrections Department, prepared the presentence investigation report on Estes. Petersen testified that Estes was able to communicate with him in a normal fashion as a person who "knows where they are, knows what they're doing, and understands what's being communicated."

Finally, there was no suggestion by counsel for Estes or the State, or by the trial court, all of whom observed Estes' behavior at the hearing, that Estes appeared unable to understand the proceedings. We must defer to the judgment of the trial court, who was able to observe Estes' behavior, and thus was in a better position to determine the necessity for an informal competency inquiry. Based on the evidence in the record before us, we hold that the trial court did not abuse its discretion in not, sua sponte, conducting an informal inquiry into her competence to stand trial.

---

[5] Counsel for Estes contends that her testimony was not "clear and lucid" because Estes contradicted a portion of Thomas' testimony. We do not find this indicative of a lack of lucidity on the part of Estes. Contradictory witness testimony is to be expected in any type of contested matter; such is the nature of a trial.

[6] The hearing on sentencing was conducted immediately after the adjudication hearing; during that hearing, Estes testified regarding the medications administered to her while in jail.

6

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 18, 2010
Date Decided:       September 2, 2010

Do Not Publish