In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00064-CR

                                                ______________________________

 

 

                                     LEAH JANIECE
ESTES, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-27041

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            When Leah
Janiece Estes was taken to the hospital emergency room by her mother for a
mental evaluation September 10, 2008, she was serving a period of five years’
community supervision for harassment by persons in certain correctional
facilities.[1]  While in the emergency room, Estes attempted
to kick and bite the nursing staff, whereupon David Thomas, an officer of the
Lufkin Police Department, helped secure Estes. 
In response, Estes spit on Thomas’ bare arm and declared that she had
hepatitis.  As a result of these events,
the State filed a motion to adjudicate or revoke Estes’ community supervision
in Angelina County[2] for committing
the offense of harassment of a public servant, among other things.[3]  The trial court entered a judgment
adjudicating guilt as to the offense of harassment by persons in certain
correctional facilities and sentenced Estes to eight years’ confinement.  

            Estes
appeals the judgment adjudicating guilt. 
In her sole issue on appeal, Estes contends the trial court abused its
discretion in failing to sua sponte conduct an informal inquiry regarding her
competence to stand trial at the adjudication proceedings.  We affirm the judgment of the trial court.

            We apply an
abuse of discretion standard when reviewing a trial court’s failure to conduct
an inquiry into a defendant’s competency to stand trial.  Montoya
v. State, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).  We do not substitute our judgment for that of
the trial court in our determination of whether an abuse of discretion
occurred.  Instead, we determine whether
the trial court’s decision was arbitrary or unreasonable.  Id.  This is a question of whether the trial court
acted without reference to any guiding rules or principles; the mere fact that
a trial court may decide a matter within its discretionary authority
differently than an appellate court does not demonstrate such an abuse.  Howell
v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005).

            A person is
incompetent to stand trial if he or she lacks (1) sufficient present ability to
consult with an attorney with a reasonable degree of rational understanding or
(2) a rational as well as factual understanding of the proceedings.  Tex.
Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006).  This standard applies equally to a revocation
hearing.  See McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App.
2003).  The statute further provides that
a “defendant is presumed competent to stand trial and shall be found competent
to stand trial unless proved incompetent by a preponderance of the
evidence.”  Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006).

            The standard
for determining whether a trial court should conduct an inquiry into a
defendant’s competence is that of a bona fide doubt.  That is, if the judge has a bona fide doubt
regarding the defendant’s competency to stand trial, he or she must conduct an
inquiry to determine if there is evidence that would support a finding of
incompetence.  Montoya, 291 S.W.3d at 425. 
A bona fide doubt is “a real doubt in the judge’s mind as to the
defendant’s competency.”  Fuller v. State, 253 S.W.3d 220, 228
(Tex. Crim. App. 2008), cert. denied,
129 S.Ct. 904 (2009).  Evidence
sufficient to create a bona fide doubt is that which shows a “recent severe
mental illness, at least moderate retardation, or truly bizarre acts by the
defendant.”  Id.; see also Gray v. State,
257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref’d).

            Evidence adduced at the adjudication hearing
established that Estes has struggled with bipolar disorder and borderline
personality disorder for over twenty years. 
When Estes fails to take her medication for these problems, she becomes
agitated and difficult to control. 
Conversely, when Estes chooses to take her medication, her ability to
cope is much improved.  Estes has been
receiving social security disability payments for approximately eight
years.  

            Estes points to
the foregoing diagnoses in conjunction with Thomas’ testimony at the hearing on
adjudication to support her position that the trial court was required to
conduct an informal hearing regarding her competence to stand trial.  Thomas testified that, when he arrived at the
emergency room September 10, 2008, after having been summoned by another
officer, he saw Estes grab a trash can, hide in the corner, and threaten to cut
herself.  Estes then attempted to kick
and bite the nursing staff, whereupon Thomas helped to secure Estes, who spit
on Thomas’ arm and declared that she had hepatitis.[4]  Thomas opined that Estes seemed to be acting
“bizarre[ly].”  

            Thomas’
testimony at the hearing on adjudication pertained only to Estes’ behavior
September 10, 2008.  The adjudication
hearing took place February 18, 2010.  As
the Texas Court of Criminal Appeals observed in Montoya, “the statute specifies the defendant’s present ability” and “past mental-health
issues raise the issue of incompetency only if there is evidence of recent
severe mental illness, at least moderate retardation, or bizarre acts by the
defendant.”  Montoya, 291 S.W.3d at 425. 
Given the approximate sixteen-month lapse between the incident described
by Thomas and the adjudication hearing, Thomas’ testimony fails to establish
any recent bizarre acts or mental illness. 
In fact, Estes testified that, at the time of the incident in the
hospital, she was experiencing a manic episode due to the fact that she was off
of her medications.  

            In this
regard, even though Estes was on medication for manic depression and borderline
personality disorder, mental impairment alone does not establish an accused’s
inability to consult with defense counsel or understand the proceedings against
her.  See
Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999); Grider v. State, 69 S.W.3d 681, 684
(Tex. App.—Texarkana 2002, no pet.) (evidence did not show that paranoid
schizophrenic’s taking medication, hearing voices, and seeing visions
constituted incompetency).

            Estes’
testimony on her own behalf appeared lucid and coherent.[5]  She was able to list the type and dosage of
her current medications and was further able to articulate what each medication
was designed to treat.[6]
 Estes’ responses to the questions posed,
while rambling in places, were not indicative of a lack of rational or factual
understanding of the proceedings against her. 

            David
Petersen, supervision officer for Angelina County Community Supervision & Corrections
Department, prepared the presentence investigation report on Estes.  Petersen testified that Estes was able to
communicate with him in a normal fashion as a person who “knows where they are,
knows what they’re doing, and understands what’s being communicated.”  

            Finally,
there was no suggestion by counsel for Estes or the State, or by the trial
court, all of whom observed Estes’ behavior at the hearing, that Estes appeared
unable to understand the proceedings.  We
must defer to the judgment of the trial court, who was able to observe Estes’
behavior, and thus was in a better position to determine the necessity for an
informal competency inquiry.   Based on
the evidence in the record before us, we hold that the trial court did not
abuse its discretion in not, sua sponte, conducting an informal inquiry into her
competence to stand trial.

            

 

 

 

 

            We affirm
the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
18, 2010

Date Decided:             September
2, 2010

 

Do Not Publish

 

 

 











[1]Harassment
by persons in certain correctional facilities is a third degree felony.  Tex.
Penal Code Ann. § 22.11 (Vernon Supp. 2009).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]Additional
alleged violations of Estes’ rules of community supervision include failing to
avoid injurious habits by using and possessing marihuana on several occasions; failing
to report in person to the community supervision officer at least once a month;
leaving Angelina County without permission; failing to notify her community
supervision officer before changing residency in the county; failing to pay
certain costs; failing to perform court ordered community service as directed;
failing to make monthly supervision fee payments; failing to submit
documentation of education; failing to submit to TAIP evaluation as directed;
failing to submit to a psychological evaluation as directed; and failing to
write a letter of apology to Captain Mark Dearing.  Estes pled “true” to certain of these
violations and “not true” to others. 

 





[4]Estes
also points to the primary offense of harassment by persons in certain
correctional facilities as evidence of a lack of competency based on the
similarity of the incident recounted in the indictment that, “while imprisoned
or confined in the Angelina County Jail . . . cause [sic] Mark Dearing to
contact the saliva of Leah Janiece Estes.” 
This incident is alleged to have occurred January 10, 2007.  We do not find this to be evidence of recent
bizarre acts or mental illness.





[5]Counsel
for Estes contends that her testimony was not “clear and lucid” because Estes
contradicted a portion of Thomas’ testimony. 
We do not find this indicative of a lack of lucidity on the part of
Estes.  Contradictory witness testimony
is to be expected in any type of contested matter; such is the nature of a
trial.

 





[6]The
hearing on sentencing was conducted immediately after the adjudication hearing;
during that hearing, Estes testified regarding the medications administered to
her while in jail.