02-11-039-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00039-CR

 

 


 
 
 JEREMY WICKER
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367TH
District Court OF DENTON COUNTY

----------

MEMORANDUM
OPINION[1]

----------

In
January 2010, pursuant to a plea bargain agreement, Appellant Jeremy Wicker
pled guilty to criminal solicitation of a minor, and the trial court placed him
on five years’ deferred adjudication community supervision.  In March 2010, the
State filed a motion to proceed with adjudication.  At the hearing on the
State’s motion, the trial court asked Appellant if he had “ever had any mental
health problems.”  Appellant informed the trial court that he has Asperger’s
syndrome, that he should be on medication, and that he had not been able to
take his medication since being confined in jail nine months earlier.  The
trial court then had a brief discussion with defense counsel about Appellant’s competence. 
Defense counsel stated that Appellant understood what defense counsel told him,
that Appellant was “able to converse with [defense counsel] in a competent
manner,” and that defense counsel did “not believe there [was] an issue
regarding [Appellant’s] competence.”  The trial court then asked Appellant if
he thought he understood “what’s going on today,” to which Appellant answered, “Yes,
ma’am.”

The
trial court accepted Appellant’s pleas of “true” to all of the allegations in
the State’s motion.  The trial court then proceeded with adjudication.  One of
Appellant’s witnesses was Dr. Dan Creson, a psychiatrist who had evaluated
Appellant.  Creson testified that Appellant has trouble with “understanding the
social implications of what he does and how he understands the world in which
he lives.”

The
trial court found the allegations in the State’s motion true, adjudicated
Appellant guilty, and sentenced him to ten years’ confinement and a fine of
$1,000.

In
five points, Appellant challenges the validity of his pleas of true to the
allegations in the petition, arguing that the trial court abused its discretion
by failing to conduct an adequate informal inquiry into his competence under
article 46B of the Texas Code of Criminal Procedure and that this error
affected his substantial rights; that the bona fide doubt as to his competence rendered
his pleas constitutionally invalid under both the state and federal
constitutions, and that the constitutional errors he alleges are structural and
not subject to a harm analysis.  Because the trial court committed no
reversible error and because Appellant’s pleas were valid, we affirm the trial
court’s judgment.

Article
46B.003 provides,

(a) A person is
incompetent to stand trial if the person does not have:

(1) sufficient
present ability to consult with the person’s lawyer with a reasonable degree of
rational understanding; or

(2) a rational as
well as factual understanding of the proceedings against the person.

(b) A defendant is
presumed competent to stand trial and shall be found competent to stand trial
unless proved incompetent by a preponderance of the evidence.[2]

Appellant
relies on evidence of his Asperger’s syndrome and testimony of Dr. Creson that
Appellant has trouble understanding the social implications of his actions and
the world he lives in.  Appellant argues that this is evidence that he lacks a
rational understanding of the proceedings against him.  He also argues that the
trial court was obligated to make further investigation into his competence to
stand trial because Article 46B.004 provides,

(b) If evidence
suggesting the defendant may be incompetent to stand trial comes to the
attention of the court, the court on its own motion shall suggest that the
defendant may be incompetent to stand trial.

(c) On suggestion
that the defendant may be incompetent to stand trial, the court shall determine
by informal inquiry whether there is some evidence from any source that would
support a finding that the defendant may be incompetent to stand trial.[3]

The
trial court, however, inquired of Appellant and of his counsel whether
Appellant was competent to stand trial.  Appellant said that he had been in
special education and was taking medication, but he did not suggest that he was
unable to communicate with his attorney with a reasonable degree of
understanding or that he lacked either a rational or factual understanding of
the proceedings against him.  In fact, in response to the trial court’s
question, Appellant stated that he understood what was going on in court.  When
the trial court specifically inquired into these matters with trial counsel,
trial counsel assured the trial court that he was able to communicate
effectively with Appellant and specifically stated that competence to stand
trial was not an issue.

We
review the trial court’s actions under an abuse of discretion standard.[4] 
A trial court abuses its discretion when its decision is arbitrary or
unreasonable.[5]  Considering the record
as a whole, we hold that the trial court did not abuse its discretion by not
making additional inquiry regarding Appellant’s competence to stand trial.  Indeed,
the record reflects that the conscientious trial court made extensive and
concerned inquiry into Appellant’s competence.  The trial court complied with
both the letter and the spirit of both the applicable statutes and
constitutional guarantees of due process.

We therefore
overrule all of Appellant’s five points on appeal and affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MEIER, JJ.

 

MEIER,
J., filed a dissenting opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 23,
2012  

 

 




 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00039-CR

 

 


 
 
 Jeremy Wicker
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367th
District Court OF Denton COUNTY

----------

DISSENTING
MEMORANDUM OPINION[6]

----------

I
dissent from the majority opinion because the trial court conducted an
inadequate informal inquiry when it questioned Appellant Jeremy Wicker and his
court-appointed counsel about Wicker’s competency to stand trial.

If a
bona fide doubt exists about the defendant’s competency to stand trial, the
trial court must conduct an informal inquiry to determine whether some evidence
from any source supports a finding of incompetency.  Tex. Code Crim. Proc. Ann.
art. 46B.004(c) (West Supp. 2011); Montoya v. State, 291 S.W.3d 420, 425
(Tex. Crim. App. 2009); Fuller v. State, 253 S.W.3d 220, 228 (Tex. Crim.
App. 2008), cert. denied, 555 U.S. 1105 (2009).  A person is incompetent
to stand trial if he does not have (1) sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding or
(2) a rational as well as factual understanding of the proceedings against
him.  Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006).  The informal
inquiry “allows the trial judge to . . . determine whether
the behavior of the defendant during a proceeding indicates a lack of rational
understanding.”  Montoya, 291 S.W.3d at 425.

At
the beginning of the hearing on the State’s motion to adjudicate, Wicker
informed the trial court that he has Asperger’s syndrome, that he was supposed
to be taking medication for that condition, but that he had not taken any
medication since being incarcerated sometime in March 2010.[7] 
Dr. Dan Creson testified that he evaluated Wicker in 2009 and that he concurred
with Wicker’s contention that he had Asperger’s syndrome.  According to
Dr. Creson, Asperger’s syndrome is part of the autistic continuum; a
common symptom of the condition includes difficulty communicating.  Knowing of
Wicker’s condition, the trial court asked Wicker a single question and Wicker’s
attorney a single question about Wicker’s competency to stand trial.  The trial
court did not ask Wicker’s attorney if he had even known that Wicker has
Asperger’s syndrome, nor did the trial court ask any questions of Wicker about
his ability to communicate with his attorney or of his Asperger’s syndrome.

In
my opinion, when the trial court learned that Wicker had Asperger’s syndrome
and that he had not taken medication for the condition since March 2010, it
should have, at a minimum, posed more than just one single
question to Wicker regarding his competency to stand trial.  The trial court
should have inquired further into Wicker’s ability to communicate with his
attorney and the effects, if any, of his Asperger’s syndrome on his
competency.  I fail to see how—at the outset of the hearing and before an
opportunity to sufficiently observe Wicker—the trial court could have gleaned
from a single question whether Wicker could not consult with his attorney with
a reasonable degree of rational understanding.

The
inadequacy of the inquiry is apparent when compared to the informal inquiries
made by other trial courts.  In Lawrence v. State, the defendant told
the trial court that he had been treated for depression, and in addition to
questioning defense counsel, the trial court questioned the defendant if he had
told his attorney about the condition, whether he understood the charges
against him, whether he understood his conversations with his attorney, and
whether he was able to explain his side of the case to his attorney.  169
S.W.3d 319, 323–25 (Tex. App.—Fort Worth 2005, pet. ref’d).  In Smallwood v.
State, in addition to questioning defense counsel, the trial court asked
the defendant whether he was competent, of sound mind, insane, or crazy;
whether he knew what “competent” meant; whether he knew what the charges were
against him; whether he had ever been told that he needed any special treatment
or medical care for his condition; and whether he knew what he was doing when
he committed the charged offense.  296 S.W.3d 729, 731–32 (Tex. App.—Houston
[14th Dist.] 2009, no pet.).

In Johnson
v. State, the trial court questioned the defendant about his plea, the
charges against him, the punishment range for each offense, his court-appointed
counsel, and his understanding of a guilty plea; whether he was on medication;
whether he understood defense counsel; and whether he understood who the judge
was and what his role was.  Nos. 05-05-00464-CR, 05-05-00465-CR,
05-05-00466-CR, 05-05-00467-CR, 2006 WL 1000071, at *1 (Tex. App.—Dallas 2006,
no pet.) (not designated for publication).  And in Gray v. State, in
addition to questioning defense counsel, the trial court inquired of the
defendant whether he had reviewed and understood documents before signing them
and what offense he was pleading guilty to.  257 S.W.3d 825, 828 (Tex.
App.—Texarkana 2008, pet. ref’d).

Like
the adequate informal inquiries conducted by the trial courts in Lawrence,
Smallwood, Johnson, and Gray, the trial court in this case
should have asked more than merely one question of Wicker once it learned that
he has Asperger’s syndrome but that he had not taken his medication since being
incarcerated months earlier.  The trial court could not have determined from
the brief colloquy that occurred at the outset of the hearing on the motion to
adjudicate whether Wicker’s behavior indicated a lack of rational
understanding.  Accordingly, I would hold that the trial court abused its
discretion by performing an inadequate informal inquiry into Wicker’s
competency to stand trial.  Because the majority holds that the trial court’s
inquiry was adequate, I respectfully dissent.

 

 

BILL MEIER
JUSTICE

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 23,
2012









[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann.
art. 46B.003 (West 2006).





[3]Id. art.
46B.004(b), (c) (West Supp. 2011).





[4]Montoya v. State,
291 S.W.3d 420, 426 (Tex. Crim. App. 2009).





[5]Id.





[6]See Tex. R. App. P. 47.4.





[7]The hearing took place in
January 2011.