

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00112-CR
_____

XAVIER LAVAR FRENCH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F0943-202

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Xavier Lavar French appeals his conviction for aggravated robbery.[1] French pled guilty to the trial court, and a jury heard punishment evidence and recommended a sentence of forty years. On appeal, French claims that the trial court should have conducted an informal inquiry into his competency to stand trial.[2] Because the trial court did perform an informal inquiry into French's competence to stand trial, we overrule French's point of error and affirm the judgment.

When French appeared before the trial court in September 2020, he was scheduled to plead guilty to the indictments for this cause and a companion case, where he was indicted for aggravated kidnapping. At that appearance, the trial court, counsel for the State, and French's appointed attorney all expressed confusion at the appearance of a third attorney, Pat Allen. Allen told the court that she had been hired the previous Friday, "was getting the documentation from the school system," "got the call to be" there for the hearing, and referred to some medical records that she had "ordered" and been told "were ready." Allen did not offer any indication what those records contained, and she handed the court an unsigned affidavit and motion. Neither of those documents are included in the appellate record. Regarding the unsigned motion, she "had planned to file [it] later [that day] with attachments, and . . . the affidavit to the motion .

---

[1]*See* TEX. PENAL CODE ANN. § 29.03.

[2]In the same proceeding, French pled guilty to another indictment, which alleged aggravated kidnapping in the same criminal episode as the aggravated robbery. *See* TEX. PENAL CODE ANN. § 20.04. We address that conviction in our opinion in cause number 06-20-00113-CR. At the time of those convictions, French was also on deferred adjudication community supervision for two other felonies. A week after he was sentenced for the aggravated robbery and aggravated kidnapping, the trial court adjudicated French guilty on those two community supervision cases and sentenced him to eight years' imprisonment. We address the convictions for those two adjudicated supervision cases in our cause numbers 06-20-00114-CR and 06-20-00115-CR.

. . . explain[ed] why" she was there.[3]  The most liberal reading of what Allen said about the material that she had hoped to obtain and present to the court was that she believed it "was something that absolutely needed to be presented to the Court, and the affidavits indicate[d] why it wasn't."  Allen indicated that was the reason for her presence.  She presented no summary or suggestion of the contents of the material.  Haas, the public defender representing French, added, "[F]rom what Ms. Allen told me, it was [to be] some sort of gathering of medical evidence regarding Mr. French's IQ or some form of mental defect."

As the discussion continued, the trial court, referring to two community supervision revocation proceedings also pending[4] against French, stated,

> His competency has been pled to.  He's been found competent twice by me already.  He's never been treated for any type of mental illness.  He's never been treated for any type of mental defect, because I always ask that.  I asked that when I pled him guilty to [the two community supervision cases].  So I've already found him competent twice . . . .  He's told me he's competent twice.  His lawyers represented twice, and I'm not even taking into account his other prior actions, including his juvenile record, which is lengthy, where he's also been found competent twice.

At that point, Haas, Allen, and French retired from the courtroom to discuss French's wishes.[5]

When they returned, French entered pleas of guilty to the two indictments.[6]  French told the court

---

[3]In his appellate brief, French refers to Allen as his "retained counsel."  The State refers to her as "former counsel."  We disagree with those characterizations—nothing in the record establishes Allen was ever hired or formally represented French.  When the trial court asked Allen if she was "entering an appearance," she answered, "Yes, for today."  Later, Allen retired with appointed attorney Haas and French to discuss the case.  After about thirty minutes, Haas, Allen, and French returned to the courtroom, and French pled guilty to the two indictments.  Allen was not heard from again and was not mentioned again in the rest of the proceedings.

[4]These are the revocations referenced in footnote 2.

[5]Haas told the court they would discuss whether French, in fact, had hired Allen and whether French still wanted to enter pleas of guilty.

3

that he had previously been treated for a mental illness or defect but that he was not then under treatment for any such illness or defect. Haas told the court,

> I know there was some discussion about mental defects earlier. It didn't rise to the level of incompetency. I spoke with [French] over the last 450 days or so. I represented him on his two other charges, and at no point during all that time did I ever feel that he was incompetent, Judge.

The trial court answered, "Based on that, I'm going to find him competent."

"As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). "A defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence." *Stine v. State*, 300 S.W.3d 52, 60 (Tex. App.—Texarkana 2009, pet. dism'd) (citing TEX. CODE CRIM. PROC. ANN. art. 46B.003(b)). A defendant is incompetent to stand trial in Texas only if it can be shown that the person lacks "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). "We review the totality of the facts surrounding the trial court's decision on the issue of competency for abuse of discretion." *Stine*, 300 S.W.3d at 60 (citing *Gray v. State*, 257 S.W.3d 825, 827 (Tex. App.—Texarkana 2008, pet. ref'd); *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999)).

---

[6]The trial court elicited affirmative answers from French that he had signed the plea documents before the court, he had signed those documents freely and voluntarily, he had been able to ask questions of appointed attorney Haas, Allen had been in the room for the conference along with Haas, French understood the first-degree punishment range of five to ninety-nine years or life in prison and a potential fine of up to $10,000.00, he was a citizen of the United States, and he was pleading guilty to aggravated robbery and aggravated kidnapping because he was in fact guilty. French also told the court that he had not consumed any alcohol or drugs that would impair his ability to enter his pleas freely and voluntarily.

"[A] defendant is presumed competent and bears the ultimate burden of proving incompetence to stand trial." *Clark v. State*, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, pet. ref'd). "[I]n order to ensure that no incompetent defendant is put to trial, Article 46B places certain responsibilities on the trial court to inquire into the matter independently and force the parties to litigate the issue, if necessary." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. arts. 46B.003(b), 46B.004(a), 46B.005(a). "Procedurally, a trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial." *Boyett*, 545 S.W.3d at 563. "The first step is an informal inquiry; the second step is a formal competency trial." *Id.*

"The amount of information necessary to trigger an 'informal inquiry' is low." *Clark*, 592 S.W.3d at 925. "A suggestion of incompetency . . . may consist solely of a representation from any credible source that the defendant may be incompetent." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1). Such a suggestion may also "be based on observations made in relation to one or more of the factors described in Article 46B.024[7] or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.[8]" *Id.*

---

[7]During an examination under this subchapter and in any report based on that examination, an expert shall consider, in addition to other issues determined relevant by the expert, the following:
    (1)    the capacity of the defendant during criminal proceedings to:
    (A)    rationally understand the charges against the defendant and the potential consequences of the pending criminal proceedings;
    (B)    disclose to counsel pertinent facts, events, and states of mind;
    (C)    engage in a reasoned choice of legal strategies and options;
    (D)    understand the adversarial nature of criminal proceedings;
    (E)    exhibit appropriate courtroom behavior; and
    (F)    testify;
    (2)    as supported by current indications and the defendant's personal history, whether the defendant:
    (A)    is a person with mental illness; or

In *Clark*, we analyzed and relied on *Boyett* to discuss what the informal inquiry, required in Article 46B.004(c), should entail.[9] *See Clark*, 592 S.W.3d at 925–26 (citing and quoting *Boyett*, 545 S.W.3d at 563–64). First, the trial court looks for "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Boyett*, 545 S.W.3d at 564 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.004(c)). "[S]ome evidence" means "'more than none or a scintilla' of evidence that 'rationally may lead to a conclusion of incompetency.'" *Id.* (quoting *Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013)). A trial court is only to "consider . . . evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency." *Id.* Finally, "some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense." *Id.* Only if there is more than a scintilla of

---

(B)    is a person with an intellectual disability;
(3)    whether the identified condition has lasted or is expected to last continuously for at least one year;
(4)    the degree of impairment resulting from the mental illness or intellectual disability, if existent, and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner; and
(5)    if the defendant is taking psychoactive or other medication:
(A)    whether the medication is necessary to maintain the defendant's competency; and
(B)    the effect, if any, of the medication on the defendant's appearance, demeanor, or ability to participate in the proceedings.

TEX. CODE CRIM. PROC. ANN. art. 46B.024.

[8]A person is deemed incompetent to stand trial if that person does not have:
(1)    sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or
(2)    a rational as well as factual understanding of the proceedings against the person.
(b)    A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

TEX. CODE CRIM. PROC. ANN. art. 46B.003.

[9]Rather than quote *Clark* quoting *Boyett*, we cite directly to *Boyett*, as we did in *Clark*.

6

evidence that the defendant is incompetent is a trial court required to move to the next step, staying the proceedings and ordering a formal competency examination. *See Clark*, 592 S.W.3d at 926 (citing TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), 46B.005(a)–(b), 46B.021(b)).

French complains on appeal that the trial court should have conducted an informal inquiry into French's competence. As noted above, "The amount of information necessary to trigger an 'informal inquiry' is low." *Id.* at 925. French's brief argues that the vague comments by Allen that she anticipated acquiring medical records of some kind and Haas's statement that he understood Allen to be gathering records relevant to "Mr. French's IQ or some form of mental defect or some form of that" amounted to a suggestion that French could be incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c).

Assuming, without deciding, that French is correct and Allen's statements constituted a suggestion of incompetence, French has not demonstrated that the trial court in fact failed to informally inquire into French's competency. Allen presented no specifics at all regarding the records she expected to obtain. Haas said only that he understood that Allen was "gathering evidence regarding Mr. French's IQ or some form of mental defect or some form of that." The extent of an informal inquiry is, by definition, informal or ephemeral.[10]

French has pointed to nothing before the trial court that amounted to more than a scintilla of evidence that French was not competent to stand trial. The record before us suggests only that the court informally inquired and then found nothing meriting further examination or a formal mental evaluation.

---

[10]*See Informal*, WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006) ("marked by the absence of formality or ceremony . . . . characteristic of or appropriate to ordinary, casual, or familiar use")

French relies on *Bautista v. State*, 605 S.W.3d 520 (Tex. App.—Houston [14th Dist.] 2020, no pet.), where the reviewing court found that the trial court should have conducted an informal inquiry into Bautista's competency to stand trial. However, in that case, there was one very specific comment by defense counsel that amounted to "a suggestion from a credible source that a defendant may be incompetent." *Id.* at 527. The trial court was admonishing Bautista about the perils of testifying. When the court asked Bautista's attorney if he believed Bautista sufficiently understood his right to remain silent, counsel answered, "I can't make that statement, Judge. I'm here to tell you that [appellant] is very limited in what he understands when we speak. We've gone over this a few times. But, whether or not he fully comprehends it, that's a mystery to both of us." *Id.* at 529.

Also, in opening argument, defense counsel had similarly impugned Bautista's mental capacity by telling the jury Bautista "was the 'functional equivalent of an 11-year-old' and '[found] it difficult to keep the most menial jobs.'" *Id.* at 528.[11] The court of appeals held that, at the very least, the statement from counsel regarding Bautista's comprehension of his right not to testify "was enough" to prompt "an informal inquiry to determine whether there [was] some evidence from any source that would support a finding that appellant was incompetent to stand trial." *Id.* at 529. The appellate court remanded the case to the trial court to "determine the feasibility of a retrospective competency inquiry." *Id.* at 530–31.

---

[11]The opinion also says that Bautista "ha[d] an estimated IQ of 70, which place[d] him in the 'mildly delayed to below-average range'" but is not clear on whether that information was before the trial court. *Bautista*, 605 S.W.3d at 528.

Here, there was nothing nearly as startling as defense counsel's statements in *Bautista*. Haas explained having known and spoken with French over the course of his 450-day representation as well as having represented French on previous charges. Allen's vague comments "didn't rise to the level of [any evidence of] incompetency."

French told the court that he had previously been treated for a mental illness or defect but that he was not then under treatment for any such illness or defect. Haas told the court, "I know there was some discussion about mental defects earlier. It didn't rise to the level of incompetency. I spoke to [French] over the last 450 days or so. I represented him on his two other charges, and at no point during all that time did I ever feel that he was incompetent, Judge."

After hearing Allen's vague comments and without any confirmation or substantiation from any source,[12] the court had nothing before it warranting further investigation. The court stated that French was on community supervision for two other offenses and that French had been competent when he pled guilty to those allegations. Haas told the court that Haas had represented French at those plea hearings and had found French to be competent then, as well as on the day of the instant hearing and pleas.

From these comments and the dearth of any evidence of incompetency, the record supports a conclusion that the trial court informally inquired into French's competence and found no further examination warranted.

---

[12]Haas's office, the Bowie County Public Defender's Office, had represented French for 443 days, during which French was incarcerated.

The trial court adequately conducted an informal inquiry into French's competency and found nothing to warrant further or formal examination. We overrule French's point of error and affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 15, 2021
Date Decided:       July 21, 2021

Do Not Publish