

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00189-CR
_____


JAMIE RAY BARNES, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2022-C-005


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

Appellant, Jamie Ray Barnes, pled guilty to terroristic threat against a peace officer. *See* TEX. PENAL CODE ANN. § 22.07(c-1). The trial court sentenced Barnes to two years in a state-jail facility but suspended the sentence in favor of placing him on community supervision for four years.[1] The State later moved to revoke Barnes's community supervision, alleging that he violated several of its terms. After a hearing, the trial court revoked Barnes's community supervision.

Via a single, consolidated brief, Barnes appeals his convictions, contending that the trial court failed to conduct an informal inquiry regarding whether Barnes was competent to stand trial at the revocation hearing. Because we conclude that the trial court conducted a sufficient inquiry, we affirm the trial court's judgment.

## I. Background

A month before his revocation hearing, Barnes filed a motion suggesting incompetency and request for examination. In support of his motion, Barnes described a history of mental illness and cited contemporaneous statements from others expressing concern about Barnes's mental state. Barnes's counsel also stated within the motion that Barnes had refused to consult with him. After reviewing the motion, the trial court ordered an evaluation by a medical doctor to determine whether Barnes was competent to stand trial. In the same order, the trial court

---

[1] In his companion appellate cause number 06-25-00203-CR, Barnes appeals his conviction for harassment of a public servant. *See* TEX. PENAL CODE ANN. § 22.11(b) (Supp.). In his companion appellate cause number 06-25-00204-CR, Barnes appeals his conviction for evading arrest or detention with a previous conviction. *See* TEX. PENAL CODE ANN. § 38.04(b)(1) (Supp.).

indicated that it would decide at the revocation hearing if there was any evidence to support a finding of incompetency.

At the start of the revocation hearing, Barnes's counsel informed the trial court that the medical evaluation found Barnes competent to stand trial, even though he had a mental illness. Counsel added that he also believed Barnes was competent, stating that Barnes had been "rational" and had begun consulting with him. Finally, counsel stated that the parties had signed a stipulation that Barnes was competent.

During the revocation hearing, certain witnesses testified about Barnes's mental health. One of the State's witnesses, Jamie Deville, Barnes's community supervision officer, agreed on cross-examination that Barnes had a history of mental illness, which made communicating with him difficult. Barnes's mother also testified about his mental health, stating that Barnes had previously been committed to mental facilities and reported experiencing auditory hallucinations while in jail. Moreover, Barnes took the stand in his own defense and acknowledged "a pattern of not taking [his] medicine and getting arrested[.]"

At the conclusion of the hearing, the trial court found that Barnes had violated the terms and conditions of his community supervision and revoked his community supervision.

## A.    Standard of Review

We review a trial court's failure to conduct a competency inquiry under an abuse-of-discretion standard. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). "A person is incompetent to stand trial [when that] person does not have . . . (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a

3

rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

"Procedurally, a trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). "The first step is an informal inquiry; the second step is a formal competency trial." *Id.* The trial court's duty to conduct an informal inquiry is triggered "upon a 'suggestion' from any credible source that the defendant may be incompetent." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1)). At the informal-inquiry stage, the trial court determines "whether there is some evidence from any source that would support a finding that the defendant may be incompetent." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). "The fact that a defendant is mentally ill does not by itself mean he is incompetent." *Turner v. State*, 422 S.W.3d 676, 691 (Tex. Crim. App. 2013). Instead, there must be evidence that the mental illness is the cause of the defendant's incompetence. *Id.*; *Boyett*, 545 S.W.3d at 564.

**B.    Discussion**

Barnes argues that the trial court failed to conduct an informal inquiry into his competency to stand trial. In doing so, however, Barnes focuses on testimony elicited during the revocation hearing while overlooking the trial court's consideration of his competency at the start of the proceeding.

Contrary to Barnes's assertions, the record reflects that the trial court conducted an informal inquiry into his competency. After Barnes filed his motion suggesting incompetency, the trial court ordered that Barnes be evaluated by a medical professional. *See* TEX. CODE CRIM.

4

PROC. ANN. art. 46B.021(a)(1); *Clark v. State*, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, pet. ref'd). At the start of the hearing, the trial court discussed with the parties the results of that examination, which found Barnes competent to stand trial despite his mental illness. Barnes's counsel then informed the trial court that Barnes had consulted with him about the revocation hearing, that counsel believed Barnes was competent, and that the parties had signed a stipulation to that effect. The record therefore demonstrates that the trial court conducted an informal inquiry into Barnes's competency. *See Gray v. State*, 257 S.W.3d 825, 828 (Tex. App.—Texarkana 2008, pet. ref'd); *Clark*, 592 S.W.3d at 927 (citing *Boyett*, 545 S.W.3d at 563).

Even so, Barnes's argument could be read as contending that testimony elicited later in the revocation hearing required the trial court to conduct a second informal inquiry. A trial court has a continuing duty to consider competency throughout the course of a proceeding and to remain "vigilant for changes in circumstances." *Turner*, 422 S.W.3d at 693. However, the testimony Barnes identifies does not reveal any changed circumstance or otherwise suggest present incompetency.

Instead, the testimony shows only that Barnes had experienced mental-health issues in the past, without suggesting that Barnes lacked a "present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1)–(2). Indeed, the testimony merely reiterates what the trial court had already been advised of through the medical examination—that Barnes suffered from mental illness. Moreover, Barnes himself took the stand, confirmed that he understood his rights before testifying, and then gave rational

and coherent testimony. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004(c-1), 46B.024(1)(E), (F) (listing the defendant's capacity to testify and exhibit appropriate courtroom behavior as factors that should be considered when determining the need for an informal inquiry); *Anthony v. State*, 531 S.W.3d 739, 743 n.3 (Tex. App.—Texarkana 2016, no pet.) (noting the defendant's testimony at trial demonstrated his ability to "exhibit appropriate courtroom behavior"). Accordingly, the trial court did not abuse its discretion by declining to conduct a second informal inquiry during the revocation hearing. *See Gray*, 257 S.W.3d at 831. We overrule Barnes's sole point of error.

## II.     Conclusion

Accordingly, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     May 18, 2026
Date Decided:       May 21, 2026

Do Not Publish

6