NO. 07-08-0170-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2009

_____

DAVID G. SCHOOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415205; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, David Schoor, pleaded guilty to five counts of aggravated sexual assault and proceeded to a jury trial for punishment. Appellant was assessed life imprisonment for each count. Appellant contends that he was not competent to stand trial. By three issues, appellant contends that the trial court erred in failing to conduct an informal inquiry into his competence, he was denied his rights of confrontation and cross-examination, and his attorney provided ineffective assistance because his counsel failed to raise the issue of competency. We affirm.

Background

The victim of the offenses is appellant's grandchild who had been placed in appellant's home by Child Protective Services in May of 2006. In December of 2006, the Lubbock County Sheriff's Department was notified of allegations of sexual misconduct by appellant. During the investigation of the allegations, appellant went to the Sheriff's office and, after receiving his Miranda warnings, gave a statement admitting to the offenses. By indictment, the State alleged that appellant digitally penetrated the child on five different occasions.

At trial, appellant pled guilty to the offenses and elected to have a jury assess punishment. During his guilty plea, the trial court specifically inquired whether the defense intended to raise the issue of competency to which the defense responded that it did not. During the plea process, the trial court admonished appellant as to the punishment range and explained the requirements for sexual offender registration. Nothing in the record indicates a lack of understanding by appellant during either admonishment. After accepting appellant's plea of guilty, the trial court specifically made a finding, on the record, that it had determined that no competency issues existed. The trial court then proceeded to the punishment phase.

During the punishment phase, an investigator associated with the case testified that, during the investigation, appellant came to the police station to discuss the investigation. The investigator testified that, at the time appellant came to the police station, he gave appellant a copy of his Miranda warnings and read the warnings to appellant. The

2

investigator testified that appellant appeared to understand his rights and that appellant confessed to having committed the offenses. Later, appellant called Dr. Richard Wall to testify about appellant's ability to read and follow instructions. Although Dr. Wall testified that appellant's verbal ability limited appellant to the mentally retarded range, Dr. Wall testified that, in his opinion, appellant was not mentally retarded. At the conclusion of the testimony, the jury assessed sentences of life imprisonment for each of the five counts of aggravated sexual assault.

Appellant now appeals by raising three issues. Appellant contends that the trial court erred in failing to conduct an informal inquiry into his competence to stand trial. Next, appellant contends that, because of his inability to comprehend the proceedings or to help his attorney at trial, he was denied his rights to confront and cross-examine the witnesses. Finally, appellant contends that he was not afforded effective assistance of counsel because Dr. Wall's testimony clearly raised evidence of appellant's incompetence to stand trial. Appellant contends that his attorney's failure to raise the issue of competency demonstrates that counsel's representation fell below a reasonable standard. We affirm.

Informal Inquiry

We review the totality of the facts in determining whether the court abused its discretion in deciding not to hold a competency inquiry. See Gray v. State, 257 S.W.3d 825, 827 (Tex.App.–Texarkana 2008, pet. ref'd). A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual

understanding of the proceedings against him.  See TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006)[1]; Gray, 257 S.W.3d at 827.  A defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence. Art. 46B.003(b).

If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the trial court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.  Art. 46B.004(b).  On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.  Art. 46B.004(c). If, after an informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, the trial court shall order an examination to determine whether the defendant is incompetent to stand trial in a criminal case.  See art. 46B.005(a).

In this cause, the trial court inquired of appellant's counsel whether there was an issue of mental competency and counsel stated there was none.  The trial court admonished appellant as to the punishment range for the charged offense as well as the requirements of sexual offender registration.   Later, the trial court also admonished appellant about the right to testify and the issue of self-incrimination before appellant testified.  Additionally, an investigator who testified in this matter was asked about his opinion as to whether appellant understood his rights as explained to him prior to appellant

---

[1]Further reference to the Texas Code of Criminal Procedure will be by reference to "Art.__" or "art. __."

4

giving his witness statement. The investigator stated that he believed that appellant understood his rights as explained and that, as an investigator seeking statements and confessions, he was a good judge of knowing when a person understood the rights given the person. Finally, Dr. Wall stated that, although appellant has an extremely limited verbal capacity that would place appellant in the retarded range verbally, his opinion was that appellant was not mentally retarded because appellant had an extremely high adaptive ability.

For our consideration of the issues before us, we make no determination as to appellant's understanding of his rights or the trial proceedings. Instead, we review the trial court's action and the evidence before the trial court to determine whether the trial court abused its discretion by not holding a competency inquiry. Considering that neither appellant's attorney nor the testifying investigator questioned appellant's competency and that Dr. Wall gave his opinion that appellant was not mentally retarded, we find that there was no evidence before the trial court that even raised the issue of appellant's competency to stand trial. Hence, we do not see any indication to support appellant's argument that the trial court should have conducted an informal inquiry to determine if sufficient evidence existed to warrant an examination into appellant's competence to stand trial.

However, even if the trial court should have inquired into appellant's competency, we conclude that the trial court made sufficient inquiry by observing appellant throughout the punishment hearing as well as speaking with appellant about the punishment range, sexual offender registration requirements, and his right against self-incrimination. The trial court had the opportunity to observe and engage appellant as well as listen to appellant's

5

responses to a variety of questions.  Although appellant would like to focus on Dr. Wall's responses that appellant has a limited verbal ability and is unable to understand complex verbal instructions, there is no evidence to demonstrate that appellant was not able to communicate with his trial counsel with a reasonable degree of rational understanding or that appellant did not have a factual understanding of the proceedings against him.  See Art. 46B.003(a).

Given the presumption that a defendant is competent to stand trial unless shown incompetent by a preponderance of the evidence,  we conclude that, because of the lack of any evidence demonstrating a lack of competency to stand trial, the trial court did not abuse its discretion in not holding a competency inquiry.  See art. 46B.003(b); Gray, 257 S.W.3d at 827.  Alternatively, assuming the existence of sufficient evidence to trigger the need for an informal inquiry into appellant's competency to stand trial, we find that the trial court's admonitions, as well as the trial court's observations of appellant during examination and cross-examination, constituted an informal inquiry into appellant's competency to stand trial.  See Gray, 257 S.W.3d at 828.  We overrule appellant's first issue.

Right to Confrontation and Cross-Examination

Appellant's second issue that he did not understand the proceedings against him and, therefore, could not effectively confront and cross-examine the witnesses against him, is based on appellant's contention that he was incompetent to stand trial.  Further, appellant fails to direct this court to any point in the proceedings demonstrating that

appellant did not understand the nature of the proceedings against him or that he could not communicate with his counsel. Having overruled appellant's first issue and presuming that appellant was competent to stand trial, see art. 46B.003(b), we overrule appellant's second issue.

Ineffective Assistance of Counsel

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2] See Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.Crim.App.1986). Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient

_____

[2] While the right to effective assistance of counsel during punishment is reviewed under a "reasonably effective assistance" standard rather than under the Strickland standard, see Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1997), even when assessed against the Strickland standard, we conclude that appellant was effectively assisted by counsel. But see id. at 736 n.4 (questioning the departure from the Strickland standard in cases alleging ineffective assistance of counsel during punishment).

to undermine confidence in the outcome." Id. at 694.  Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail.  See Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

Here, appellant simply contends that it should have been evident to appellant's trial counsel that appellant was incompetent to stand trial.  Appellant relies heavily on Dr. Wall's testimony that appellant would have difficulty in following complex instructions and that appellant was verbally retarded.  However, appellant appears to disregard the fact that Dr. Wall stated that his personal opinion was that appellant was not mentally retarded. Further, our review of the record does not reveal any instances where appellant appeared confused by any of the proceedings or where appellant sought clarification of any of the proceedings during the trial.  From the reporter's record, we are aware that appellant's trial counsel specifically notified the judge that there was no issue of mental competency when asked by the trial court.  From trial counsel's response, we presume that trial counsel was aware of the issue but made a trial decision not to pursue a competency determination. Instead of requesting a hearing, appellant's counsel instead pursued a strategy of presenting appellant's personal history, including a childhood illness that offered a possible explanation of appellant's limited intellectual ability.  Given defense counsel's perceived strategy as well as defense counsel's performance in eliciting favorable testimony from the doctor, appellant's parents, appellant's niece, and appellant himself, we cannot say that

8

the decision to proceed without seeking a determination fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687.

However, even were we to assume that failing to request an inquiry from the trial court into appellant's competency fell below a reasonable standard, appellant has not made any attempt to show how, but for counsel's deficient performance, the results would have been different. Appellant simply contends that counsel's inaction has denied appellant the opportunity "to try to prove incompetence to stand trial." We fail to see how the alleged error of failing to request an inquiry on competency would have resulted in a different result, especially when the statute gives the trial court the authority to hold an inquiry on its own motion if it is presented with evidence suggesting that appellant may not be competent to stand trial. We conclude that appellant has failed to show that there was a reasonable probability that, but for counsel's actions, the results in these proceedings would have been different. We overrule appellant's third issue.

Conclusion

For the foregoing reasons, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Publish.

9