ACCEPTED
01-14-00582-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 11:14:01 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00582-CR**

**IN THE COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 11:14:01 PM
CHRISTOPHER A. PRINE
Clerk

**RODNEY ROBINS**
*Appellant*

**v.**

**THE STATE OF TEXAS**
*Appellee*

On Appeal from Cause Number 1408007
From the 179th District Court, Harris County, Texas

**BRIEF FOR APPELLANT**

ORAL ARGUMENT REQUESTED

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**SARAH V. WOOD**
Assistant Public Defender
Harris County, Texas
State Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax:    (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                               Rodney Robins

TRIAL PROSECUTORS:                       David Wayne Overhuls
                                         Assistant District Attorney
                                         Harris County, Texas
                                         1201 Franklin, Suite 600
                                         Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:                Arlan Broussard
                                         7119 Gillen
                                         Houston, Texas 77087

PRESIDING JUDGE:                         Hon. Jim Anderson
                                         By assignment, 179th District Court
                                         (20th Floor "Impact Court")
                                         Harris County, Texas
                                         1201 Franklin, 17th floor
                                         Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:               Sarah V. Wood
                                         Assistant Public Defender
                                         Harris County, Texas
                                         1201 Franklin, 13th Floor
                                         Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................ 2

Table of Contents ...................................................................................................... 3

Index of Authorities .................................................................................................. 4

Statement of the Case ............................................................................................... 5

Issue Presented .......................................................................................................... 5

Statement of Facts ..................................................................................................... 5

Summary of the Argument ........................................................................................ 6

Argument .................................................................................................................... 7

    The trial court erred in failing to conduct an inquiry into the competency of the defendant. ............................................................................................................ 7

        1.   A "suggestion" of incompetency requires an inquiry. ............................. 10

        2.   Incompetency was suggested in this case. .................................................. 11

        3.   No informal inquiry was held. .................................................................... 15

        4.   Remedies ...................................................................................................... 20

Prayer ........................................................................................................................ 24

Certificate of Service and Compliance .................................................................. 24

# INDEX OF AUTHORITIES

**Cases**

*Dusky v. United States*, 362 U.S. 402 (1960) ..................................................................22

*Ex parte LaHood*, 401 S.W.3d 45 (Tex. Crim. App. 2013). ............................................16

*George v. State*, 446 S.W.3d 490 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd)..................16

*Gray v. State*, 257 S.W.3d 825 (Tex. App.—Texarkana 2008, pet. ref'd) .......................19

*Jackson v. State*, 391 S.W.3d 139 (Tex. App.—Texarkana 2012, no pet.)........................17

*Lawrence v. State*, 169 S.W.3d 319 (Tex. App.—Fort Worth 2005, pet. ref'd)..............19

*Luna v. State*, 268 S.W.3d 594 (Tex. Crim. App. 2008) ............................................ 17, 18

*Oliver v. State*, 999 S.W.2d 596 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)................21

*Pate v. Robinson*, 383 U.S. 375 (1966). ........................................................................20

*Schoor v. State*, 279 S.W.3d 844 (Tex. App.—Amarillo 2009, pet. ref'd) ......................19

*Turner v. State*, 422 S.W.3d 676, 68 (Tex. Crim. App. 2013). ....................................9, 11

**Statutes**

Tex. Crim. Proc. Code § art. 46B.003. ..........................................................................12

Tex. Crim. Proc. Code § art. 46B.004. ..........................................................................10

Tex. R. App. Proc. Rule 44.2 ..........................................................................................20

**Treatises**

43 Tex. Prac., Criminal Practice And Procedure § 31:33.50 (3d ed.) .............................10

43 Tex. Prac., Criminal Practice And Procedure § 31:81 (3d ed.)..................................22

## STATEMENT OF THE CASE

Mr. Rodney Robins was indicted for the State Jail felony of possession of less than a gram of cocaine, alleged to have been committed on November 9, 2013 (C.R. at 11). He pleaded not guilty and proceeded to trial. The jury found him guilty and the trial court sentenced him to 6 years in prison (C.R. at 75).

## ISSUE PRESENTED

- The trial court erred in failing to conduct an inquiry into the competency of the defendant.

## STATEMENT OF FACTS

Mr. Rodney Robins is a fifty-year-old man who was sentenced to six years in prison for a single "rock" of crack-cocaine weighing 0.12 grams (3 R.R. at 18, 41).

An HPD patrol officer testified that he and his partner were driving around when he said, "Hey, let's go down to a car wash in Westover. There's usually a lot of crack narcotics." (3 R.R. at 15). They approached the car wash and it was "pretty dark." (3 R.R. at 14). The officer testified that Mr. Robins was sitting outside on a bucket, smoking (3 R.R. at 16). They approached and he appeared to toss something to the ground. Officers ordered, "Let me see your hands," and then told him to place his hands on the hood of the patrol car while patting him down and searching his pockets (3 R.R. at 29). The officer testified, "As we approached him we then observed him to throw something. That is probable cause to stop and search him." (3 R.R. at 29). Counsel did not urge a motion to suppress. They found a crack rock in Mr. Robins' pocket and a

5

pipe on the ground nearby (3 R.R. at 18).

Because he was enhanced with two prior State Jail felonies, his punishment range was 2—20 years. At sentencing, the prosecutor said, "Judge, we're asking you to sentence Mr. Robins to extensive TDC time." (4 R.R. at 18). Mr. Robins had many prior offenses dating back to the 1980s, but none of them suggested violence, and ranged from DWLI to trespassing, with theft being the most serious (See C.R. at 36). Judge Jim Anderson sentenced him to six years in prison, doubling the State's offer prior to trial which had been three years (4 R.R. at 17-18).

## SUMMARY OF THE ARGUMENT

On the day of trial, Mr. Robins "stood mute," exhibiting an unexplained and utter lack of communication with both the court and his lawyer. He did not speak and manifested a state of inertia. He did not change from his jail clothes and did not make a punishment election. These circumstances suggested he was potentially incompetent. In fact, the trial judge himself suggested that competency was an issue. The law clearly requires the trial court to conduct an "informal inquiry" upon the "suggestion" of incompetence. However, the trial court failed to make this crucial inquiry.

**The trial court erred in failing to conduct an inquiry into the competency of the defendant.**

On the day of trial, something was amiss with Mr. Robins. He would not—or could not—speak or engage or participate or communicate in any way that can be inferred from the record. The transcript in this case opens up with Mr. Robins called to the bench, unspeaking and dressed in orange jail clothes. Before bringing in the jury, the following occurred:

Court:     Mr. Broussard [defense counsel] we brought Mr. Robins out to speak with him. He refused to speak with either myself or you. Is that correct Mr. Broussard?

Defense: It is Your Honor.

Court:     We – I conveyed a recommendation of three years TDCJ to Mr. Robins this morning. Is that correct State?

State:     That's correct Judge and Mr. Robins stood mute at the time, would not speak with me nor his lawyer.

Court:     And Mr. Robins we're about to pick your jury. Right here is called an election of sentence. If you do not sign the election with your lawyer if you're found guilty, it would be my job not the Jury's job to assess punishment if you're found guilty. Do you understand Mr. Robins?

Defendant:     No response.[1]

Court:     He's chosen to remain mute. So I'll take that as a refusal to sign. If he's found guilty we'll do Court sentencing not jury sentencing pursuant to

---

[1] This appears to indicate that Mr. Robins did not respond, rather than actually stating the words "no response" as dictated literally in the transcript.

Section 3707. And Mr. Robins is wearing an orange jail jumpsuit at this time and I believe Mr. Broussard you offered Mr. Robins the opportunity to wear civilian clothes at his trial. Is that correct?

Defense: That's correct Your Honor. Clothes were provided to him and made clear to him that he had the opportunity to wear something other than the orange jumpsuit. He remained mute.

Court: Mr. Robins you aren't helping your lawyer being tried in orange jumpsuit. You're making that choice against my advice, against your lawyer's advice. Do you understand Mr. Robins?

Defendant: No response.

Court: Mr. Robins chooses to remain mute so he'll be charged in his jail clothes. Mr. Broussard any indication of mental health abuse [sic] in Mr. Robins file? I looked at his file. He has 15 convictions. Was he ever found to be incompetent or insane in his years here in Harris County?

Defense: Not to my knowledge Your Honor.

Court: There is no indication of Mr. Robins lack of competency. He's just chosen to remain mute at this time. And Mr. Robins you want to say anything before the jury comes in? It's time for you to say what's on your mind Mr. Robins. Do you have anything you'd like to tell us at this time Mr. Robins?

Defendant: No response.

Court: Mr. Robins remains mute. He has nothing to tell us.

Defense: I would like to also state for the record Your Honor that I asked Mr. Robins about prior convictions that the State might use to enhance his punishment and to those inquiries he remained mute and I couldn't get no response from him.

(2 R.R. at 5-7). At that point, the jury was brought into the courtroom.

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). "'[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense, may not be subjected to trial.'" *Id.* at 688–89 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

The Texas legislature has painstakingly codified elaborate procedural safeguards to prevent the trial of an incompetent person. Under Code of Criminal Procedure 46B.004, an inquiry is required upon the "suggestion" of potential incompetence.

> (b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial
>
> (c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.
>
> (c-1) A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.

(d) If the court determines there is evidence to support a finding of incompetency, the court, except as provided by Subsection (e) and Article 46B.005(d), shall stay all other proceedings in the case.

Tex. Crim. Proc. Code § art. 46B.004. In this case, the suggestion appears in the record, but an inquiry was never made.

### 1. A "suggestion" of incompetency requires an inquiry.

It is important to note that the legislature added subsection (c-1) of 46B.004 in 2011, explicitly rejecting previous court of appeals' interpretations of the statute that required a judge to have a "bona fide doubt" as to competency before being obligated to conduct an "informal inquiry." Apparently, the legislature was displeased with caselaw that dampened a trial court's duty to actively ensure a defendant's competency before putting him to trial.

This change in the law drastically reduced the threshold of evidence necessary to mandate an informal inquiry to a mere "suggestion." As observed by professors Dix and Schmolesky, "Some and perhaps most of the cases discussed in [previous sections] finding an informal inquiry unnecessary would probably come out different under the new statute." 43 Tex. Prac., Criminal Practice And Procedure § 31:33.50 (3d ed.). Therefore, caselaw that analyzes proceedings occurring before September 1, 2011 should be regarded with caution in resolving the present case. Indeed, few cases exist that deal with the newer law.

One recent significant case to discuss these issues was *Turner v. State* where the Court of Criminal Appeals held the trial court erred in failing to conduct competency

proceedings under the old law. *Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013), reh'g denied (Apr. 2, 2014). The Court observed:

> Under our current statutory scheme, any "suggestion" of incompetency to stand trial calls for an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. In 2009, this Court held that evidence that a "suggestion" of incompetency sufficient to trigger an informal inquiry was the same as the bona fide doubt standard from the previous statutory regime. The Legislature has subsequently rejected the bona fide doubt standard for purposes of Article 46B.004, but the amendment by which this was accomplished did not become effective until September 1, 2011, several months after the appellant's trial.

*Id.* at 691-92. Even under the more rigorous "bona fide doubt" standard, the Court observed that little was required to necessitate an informal inquiry.

> [W]hen a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests, he cannot be made to stand trial consistent with due process. **Evidence that raises this *possibility* necessitates an informal inquiry**, and if that inquiry reveals that the possibility is substantial, a formal competency trial is required.

*Id.* at 691 (emphasis added).

## 2. Incompetency was suggested in this case.

The defendant's unexplained silence, apparent state of inertia, and total lack of engagement suggested incompetence. Incompetence to stand trial is defined by statute.

a) A person is incompetent to stand trial if the person does not have:

(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or

11

(2) a rational as well as factual understanding of the proceedings against the person.

Tex. Crim. Proc. Code § art. 46B.003.

Consistent with the definition of incompetence, the record established that Mr. Robins had failed to "consult with his lawyer" and had failed to communicate whether or not he possessed any "understanding of the proceedings." Section 46B.004(c-1) states, "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024…" These factors include:

(1) the capacity of the defendant during criminal proceedings to:

(A) rationally understand the charges against the defendant and the potential consequences of the pending criminal proceedings;

(B) disclose to counsel pertinent facts, events, and states of mind;

(C) engage in a reasoned choice of legal strategies and options;

(D) understand the adversarial nature of criminal proceedings;

(E) exhibit appropriate courtroom behavior; and

(F) testify

Tex. Crim. Proc. Code § art. 46B.024. Observations regarding all of these factors were present in this case and therefore constituted "evidence suggesting the need for an informal inquiry."

First, the record shows that concern existed as to whether the defendant understood the charges and the nature of the proceedings under subsections (1)(A) and

12

(1)(D). The judge repeatedly asked Mr. Robins whether he understood certain concepts that he was attempting to explain and did not receive a response.

Second, it was apparent that Mr. Robins failed to "disclose to counsel pertinent fact, events, and states of mind" under subsection (1)(B). Defense counsel stated, "I would like to also state for the record Your Honor that I asked Mr. Robins about prior convictions that the State might use to enhance his punishment and to those inquiries he remained mute and I couldn't get no response from him." (2 R.R. at 6).

Third, he also failed to "engage in a reasoned choice of legal strategies and options" under factor (1)(C). For instance, the judge observed, "Mr. Robins you aren't helping your lawyer being tried in orange jumpsuit. You're making that choice against my advice, against your lawyer's advice. Do you understand Mr. Robins? [No response]." (2 R.R. at 5).

Fourth, the defendant failed to "exhibit appropriate courtroom behavior" under (1)(F) because he did not respond when spoken to, dressed inappropriately for trial, and did not sign necessary paperwork. Things were clearly awry.

Lastly, because Mr. Robins was completely non-verbal and failing entirely to communicate, his behavior should have at least raised a red flag as to his ability to testify under factor (1)(G).

Importantly, the trial judge himself actually made a suggestion of incompetency. As stated in 46B.004(b), "If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest

13

that the defendant may be incompetent to stand trial." The trial court fulfilled its preliminary duty under subsection (b) by literally suggesting that competency was an issue and even purporting to make a finding on the subject.

Court: Mr. Robins chooses to remain mute so he'll be charged in his jail clothes. Mr. Broussard any indication of mental health abuse [sic] in Mr. Robins file? I looked at his file. He has 15 convictions. Was he ever found to be incompetent or insane in his years here in Harris County?

Defense: Not to my knowledge Your Honor.

Court: There is no indication of Mr. Robins lack of competency. He's just chosen to remain mute at this time.

( 2 R.R. at 6).

The trial court's comments indicate the judge assumed—without citing to any evidence—that Mr. Robins was just being willfully obstinate. Indeed, the Court in *Turner* specifically addressed this common point of contention.

This is not to imply that a defendant's mental illness plus his failure to communicate with counsel will invariably or necessarily add up to a finding of incompetence. The fact that a defendant is mentally ill does not by itself mean he is incompetent. Nor does the simple fact that he obstinately refuses to cooperate with his trial counsel. Indeed, even a mentally ill defendant who resists cooperating with his counsel may nevertheless be found competent if the manifestations of his particular mental illness are not shown to be the engine of his obstinacy. But when a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests, he cannot be made to stand trial consistent with due process. **Evidence that raises this *possibility* necessitates an informal inquiry**, and if that inquiry

reveals that the possibility is substantial, a formal competency trial is required.

*Id.* at 691 (emphasis added).

Therefore, the Court explained that where a defendant's behavior can be interpreted as either bare obstinance or as the product of incompetence, an informal inquiry is required in order to settle the matter. If the evidence raises the *possibility* that mental illness is the "engine of his obstinacy" or is otherwise preventing him from "engaging rationally," then an informal inquiry is necessary, even under the old legal standard.

In this case, the defendant's unexplained silence, apparent state of inertia, and utter lack of communication raised at least the possibility that he was suffering from mental illness. Incompetency was suggested both circumstantially by the defendant's behavior and literally by the trial judge himself.

### 3. No informal inquiry was held.

The trial judge's statements regarding incompetence in this case cannot suffice for the "informal inquiry" required by law. The entire purported investigation consisted of the lines below.

Court:   Mr. Robins chooses to remain mute so he'll be charged in his jail clothes. Mr. Broussard any indication of mental health abuse [sic] in Mr. Robins file? I looked at his file. He has 15 convictions. Was he ever found to be incompetent or insane in his years here in Harris County?

Defense: Not to my knowledge Your Honor.

Court:    There is no indication of Mr. Robins lack of competency. He's just chosen to remain mute at this time.

( 2 R.R. at 6). This is insufficient to satisfy the legislature's prescription for ensuring a defendant's competency.

It is interesting to note that in the appellate record of this cause, at least one reference to potential incompetency does appear. In a jail record within State's exhibit 22, dated in June of 2012, there appears a notation indicating Mr. Robins may have had a stroke and that a psychiatric competency exam had been ordered (5 R.R. at 61). Further investigation would be necessary to determine the result of that exam.

In conducting its informal inquiry, a trial court must consider only the evidence tending to show incompetency, "putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013). In making its informal inquiry, the trial court is not required to follow specific protocols. *George v. State*, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Nonetheless, some sort of search for information must appear in the record.

In *George v. State*, the court held the inquiry to be sufficient where, "in assessing appellant's competence to stand trial, the trial court noted on the record that it had watched appellant assisting counsel throughout trial and did not have any evidence whatsoever, other than him acting out, that he was not competent." *George*, 446 S.W.3d

16

at 500. The court stated that "the trial court had the opportunity to observe appellant's conduct first-hand and supplement its observations with its inquiry to defense counsel." *Id.* at 501. While the defendant behaved unusually by interrupting the proceedings, his outbursts were determined to be "timely, topical, and logically related to the questions and answers offered during the examination of other witnesses." *Id.* The outbursts themselves showed that the defendant understood the proceedings.

In contrast to *George*, the trial court in this case did not observe Mr. Robins interacting with anyone, much less "assisting counsel." Moreover, Mr. Robins was in the 179th District Court but the proceedings at issue were before a temporarily assigned judge in the "Impact Court" on the 20th floor. Thus there is no basis to presume that this judge had ever observed Mr. Robins in any previous court appearances. None of the court's observations served to dispel the suggestion of incompetency.

Furthermore, courts have held that an informal inquiry may be satisfied when the trial court poses simple questions to the defendant and to defense counsel regarding the defendant's competency. *Luna v. State*, 268 S.W.3d 594, 598 (Tex. Crim. App. 2008); *Jackson v. State*, 391 S.W.3d 139, 142 (Tex. App.—Texarkana 2012, no pet.); *Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd). Even under this relaxed definition, the statements on the record in this case were not sufficient to be called an informal inquiry.

While the trial court did attempt to pose limited questions to the defendant, it did not receive any answers. Mr. Robins never communicated and the court never made any

observations regarding his appearance or demeanor except that he was wearing jail clothes in front of the jury. The trial court only asked one question of defense counsel: whether Mr. Robins had previously been judged incompetent. Counsel provided only an equivocal "not to my knowledge." (2 R.R. at 6). The court immediately concluded, "There is no indication of Mr. Robins lack of competency. He's just chosen to remain mute at this time."

The court never asked defense counsel whether he believed Mr. Robins to be competent. The court never asked defense counsel whether he believed Mr. Robins understood the proceedings. He never asked whether Mr. Robins could hear—whether he had suffered a stroke—whether something was wrong with his voice—whether he had spoken previously—whether he was ill—whether he had ever been treated for mental illness—or even whether he was okay. No relevant inquiry was made whatsoever.

In *Luna v. State*, the informal inquiry was held to be sufficient where the trial court "inquired about the appellant's competency several times during the proceedings." *Luna v. State*, 268 S.W.3d 594, 599 (Tex. Crim. App. 2008). "The appellant stated that he understood the [trial court]… The trial court asked defense counsel if the appellant had a rational and factual understanding of the proceedings, if he was able to assist in the preparation of any possible defenses, and if he was mentally competent to waive his rights and enter a guilty plea. Defense counsel replied to all of these questions in the affirmative." This inquiry was repeated throughout trial and the Court of Criminal

18

Appeals in *Luna* was satisfied that the statutory duty was satisfied. In this case, such an inquiry never occurred, despite the trial court's own suggestion that incompetency might be at issue.

Other examples of inquiries held to be sufficient are significantly different from the trial court's actions in this case. *See, e.g. Lawrence v. State*, 169 S.W.3d 319, 324 (Tex. App.—Fort Worth 2005, pet. ref'd) (quoting the court's inquiry involving detailed questions regarding the defendant's previous mental health treatment and his present understanding); *Schoor v. State*, 279 S.W.3d 844, 847 (Tex. App.—Amarillo 2009, pet. ref'd) (court spoke to defendant about his understanding of the case and had the opportunity to observe and engage appellant as well as listen to appellant's responses to a variety of questions); *Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd) (defendant directly answered court's questions in a way showing he understood the proceedings against him and consequences of his plea and that he was able to effectively communicate with his attorney, and attorney's response to court inquiry confirmed that he was able to understand the proceedings against him).

Although the trial judge himself suggested that the defendant may be incompetent, he failed to make the necessary inquiry. He asked only one question of defense counsel and received an equivocal answer regarding whether Mr. Robins had ever been found incompetent. The court was required to at least attempt to gather some relevant information before concluding the defendant was competent.

## 4. Remedies

"Due process mandates state procedures that are adequate to assure that incompetent defendants are not put to trial." *Turner*, 422 S.W.3d at 689. "To that end, our statutory scheme has codified the constitutional standard for competency to stand trial and has elaborately described the circumstances that require, and procedures for making, a determination of whether a defendant is competent to stand trial." *Id.*

In *Pate v. Robinson*, the United States Supreme Court held that the defendant's "constitutional rights were abridged by his failure to receive an adequate hearing on his competence to stand trial." *Pate v. Robinson*, 383 U.S. 375, 386 (1966). Likewise, Mr. Robins' constitutional rights were violated when the trial court failed to take reasonable measures to ensure his competency.

Under Texas law, constitutional error is subject to harmless error review, and the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. Proc. Rule 44.2. Therefore, because Mr. Robins did not receive the benefit of adequate procedures to assure he was competent to stand trial, this Court should determine whether—beyond a reasonable doubt—that the error did not contribute to the conviction or punishment.

Harm can be demonstrated in this case by the fact that Mr. Robins stood trial in jail clothes. "If the presumption of innocence is to be meaningfully embraced, a defendant must not be presented to the jury in physical restraints, jail clothing, or other

20

indicia of guilt." *Oliver v. State*, 999 S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). "The defendant's clothing is so likely to be a continuing influence throughout the trial that it is not unlike placing a jury in the custody of a bailiff who is also a witness for the prosecution. Jail clothing presents an unacceptable risk of impermissible factors coming into play." *Id., citing Estelle v. Williams*, 425 U.S. 501, 505 (1976).

Additionally, one of the jurors who actually sat on the case stated during voir dire that she would be unfair to the defendant due to his jail clothes. Defense counsel stated, "Can you hold that kind of image in your mind and say I'm not going to judge this person because they have on this orange uniform. I'm not going to be unfair to this person 'cause something about that orange uniform tells me they must be guilty…" In response, Juror #6 stated, "I think I would." (2 R.R. at 85). Juror #6 made it on to the panel and eventually found Mr. Robins guilty. (2 R.R. at 92).

Mr. Robins may have been incompetent and incapable of making a rational decision when he failed to accept the opportunity to change clothes prior to trial. He was harmed in violation of the Constitution when the trial court failed to take adequate measures to assure he was competent.

Moreover, Mr. Robins also failed to make an election as to whether his punishment would be assessed by the court or by the jury. He also failed to consult with defense counsel about the details and effect of his alleged prior convictions. In light of

the trial court's harmful constitutional error in failing to ensure that he was competent to stand trial, this Court should reverse the conviction in this case.

In the alternative, if this Court were to determine that the problems in this case do not amount to constitutional or harmful statutory error, then it should abate the appeal and remand to the trial court for a retrospective competency determination. It must first be determined whether such a retrospective evaluation is feasible. *See Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013) (remanding for determination of whether retrospective competency trial is feasible and such a trial if it is feasible); *and see* 43 Tex. Prac., Criminal Practice And Procedure § 31:81 (3d ed.).

It should be noted that the Supreme Court has in the three relevant cases held on the facts of those cases such inquiries were not feasible. *Dusky v. United States*, 362 U.S. 402, 403 (1960) (requiring new trial with determination of defendant's present competency "[i]n view of the doubts and ambiguities regarding the legal significance of the psychiatric testimony in this case and the resulting difficulties of retrospectively determining the petitioner's competency as of more than a year ago"); *Pate v. Robinson*, 383 U.S. 375, 387 (1966) (rejecting retrospective competency determination because of jury's inability to observe the defendant at the relevant time and expert witnesses' need to testify solely from information in printed records); *Drope v. Missouri*, 420 U.S. 162 (1975) (rejecting retrospective inquiry on the ground that "[t]he inherent difficulties of such a nunc pro tunc determination under the most favorable circumstances" preclude a conclusion "that such a procedure would be adequate here"). This Court can make its

own decision that a retrospective competency determination would be unfeasible due to the lapse of time, the sparsity of the record, and the interest of judicial economy. To remedy the error in this case, it is urged that this Court should simply reverse and remand for a new trial.

## PRAYER

FOR THESE REASONS, the Appellant respectfully prays that this Honorable Court reverse the trial court's judgment of conviction or in the alternative abate and remand for a retrospective competency determination.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
State Bar Number 24048898

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that a copy of this Brief for Appellant has been served upon the Harris County District Attorney's Office by electronic delivery to Alan Curry via the e-file system and that this brief has 4,749 words according to the computer program used to draft it.

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender